■ RICKY I. ISKER et al., Appellants, v NYACK HOSPITAL et al., Defendants, and STUART G. RASCHI et al., Respondents. [742 NYS2d 854] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated February 1, 2001, as denied their motion to set aside a jury verdict as to damages awarded to the plaintiff Ricky I. Isker

for past and future pain and suffering and future loss of earnings and for a new trial on those damages, and granted the defendants' motion to the extent that it set aside the verdict as to damages awarded to the plaintiff Deana Isker and granted a new trial as to damages unless she stipulated to a lesser sum.

Ordered that the order is modified, on the facts and as an exercise of discretion, by deleting the provision thereof denying that branch of the plaintiffs' motion which was to set aside the verdict as to damages awarded to the plaintiff Ricky I. Isker for past and future pain and suffering and for a new trial on those damages, and substituting therefor a provision granting that branch of their motion and ordering a new trial on the issue of damages for the plaintiff Ricky I. Isker's past and future pain and suffering, unless within 30 days after service upon the defendants of a copy of this decision and order, the defendants shall serve and file in the office of the Supreme Court, Rockland County, a written stipulation consenting to increase the verdict as to damages for past pain and suffering from $100,000 to $150,000 and as to future pain and suffering from $30,000 to $150,000; in the event that the defendants so stipulate, then the order, as so modified, is affirmed insofar as appealed from, with costs to the plaintiffs.

The Supreme Court properly reduced the award of damages for the plaintiff Deana Isker's past and future loss of services since little testimony was provided with respect to any loss of services she experienced.

The damage award to the plaintiff Ricky I. Isker was inadequate to the extent indicated herein.

The plaintiffs' remaining contention is without merit. O'Brien, J.P., Friedmann, Schmidt and Townes, JJ., concur.